```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 16-20891-Civ-GAYLES
                              MAGISTRATE JUDGE P.A. WHITE
GRADDY ROBINSON,          :

     Petitioner,          :

v.                        :         REPORT OF
                                    MAGISTRATE JUDGE
JULIE L. JONES, et al.,   :

     Respondent.          :
_____/
```

## I. Introduction

Graddy Robinson, a prisoner currently confined at Moore Haven Correctional Facility, in Moore Haven, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his convictions and sentences, entered in case number F94-030924 in the Eleventh Judicial Circuit Court of Florida, at Miami-Dade County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and the Rules 8(b) and 10 Governing Section 2254 Cases in the United States District Courts. No order to show cause has been issued because, on the face of the petition, it is evident the petitioner is entitled to no relief. See Rule 4,[1] Rules Governing Section 2254 Proceedings.

The Court has reviewed the petitioner's habeas petition

---

[1] Rule 4 of the Rules Governing Section 2254 Petitions, provides, in pertinent part, that "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner...."

(DE#1),[2] as well as, the on-line state trial court criminal docket, in Miami-Dade County Circuit Court, case no. F94-030924, available on the court's on-line website at https://www2.miami-dadeclerk.com/cjis/CaseSearch.aspx, with the relevant appellate court dockets, located at www.3dca.flcourts.org and the Florida Supreme Court's docket, accessible at its on-line website, located at http://www.floridasupremecourt.org/.[3]

## II. Procedural History

After a jury trial, petitioner was convicted and sentenced for committing burglary of an unoccupied dwelling in violation of Fla. Stat. §810.02(3). (DE# 1). On March 7, 1995, the court sentenced him to a term of 30 years' imprisonment. Petitioner pursued a direct appeal. On **May 1, 1996**, the Third District Court of Appeal entered its decision per curiam affirming Petitioner's conviction and sentence with written opinion in Jenkins v. State, 3D95-1514.

Petitioner did not seek discretionary review with the Florida Supreme Court. The time for doing so expired thirty days after the appellate court's affirmance of petitioner's conviction, or no later than **May 31, 1996.**[4] Since he did not seek discretionary review to the Florida Supreme Court, he is not entitled to an additional ninety days to file a petition for a writ of certiorari in the United States Supreme Court. Gonzalez v. Thaler, ___ U.S.

---

[2]The court may take judicial notice of its own records in habeas proceedings. See McBride v. Sharpe, 25 F.3d 962, 969 (11th Cir. 1994); Allen v. Newsome, 7985 F.2d 934, 938 (11th Cir. 1986).

[3]The court takes judicial notice of these dockets. See Fed.R.Evid. 201; see also, United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)(finding the district court may take judicial notice of the records of inferior courts).

[4]Pursuant to Fla.R.App.P. 9.120(b), a motion to invoke discretionary review must be filed within 30 days of rendition of the order to be reviewed.

___, 132 S.Ct. 641, 646 (2012).[5] Therefore, at the earliest, his convictions are final on **May 31, 1996**. However, assuming, without deciding, that petitioner were entitled to seek review to the U.S. Supreme Court, then alternatively, his convictions would have become final at the latest on **July 30, 1996,** 90 days following the conclusion of his direct appeal, when time expired for doing so. For purposes of this Report, the undersigned has utilized this later date, because even when giving petitioner this additional time, this federal petition remains time-barred.

Before the convictions became final on July 30, 1996, the Petitioner filed a motion for post conviction relief pursuant to Rule 3.850 on July 23, 1996. The trial court denied the motion and the petitioner appealed. The Third DCA affirmed the trial court on January 28, 2016 in Robinson v. State, 725 So.2d 1129 (3d DCA November 4, 1998), case no. 3D98-2429, mandate issued November 20, 1998.

---

[5] In applying the Supreme Court's Gonzalez opinion to this case, the petitioner here is not entitled to the 90-day period for seeking certiorari review with the United States Supreme Court, because after his judgment was affirmed on direct appeal, petitioner did not attempt to obtain discretionary review by Florida's state court of last resort-the Florida Supreme Court, nor did he seek rehearing with the appellate court. See Gonzalez v. Thaler, __ U.S. ___, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012)(holding that conviction becomes final upon expiration of time for seeking direct review); Jimenez v. Quarterman, 555 U.S. 113, 118-21, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). See also Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273 (11th Cir. 2006)(holding that one-year statute of limitations established by AEDPA began to run 90 days after Florida appellate court affirmed habeas petitioner's conviction, not 90 days after mandate was issued by that court). In other words, where a state prisoner, who pursues a direct appeal, but does not pursue discretionary review in the state's highest court after the intermediate appellate court affirms his conviction, the conviction becomes final when time for seeking such discretionary review in the state's highest court expires. Gonzalez, __ U.S. ___, 132 S.Ct. 641 (2012).

The federal limitations period ran unchecked for approximately two years at which point the movant filed a motion to correct his sentence on September 19, 2000. After the trial court denied the motion, the movant appealed. The Third DCA affirmed on May 16, 2001 in Robinson v. State, Case No. 3D00-3589, mandated issued June 1, 2001.

Approximately fourteen years later, the movant filed a motion to correct sentence in the state trial court on September 3, 2014. After the trial court denied the motion, the Third DCA affirmed in Robinson v. State, 152 So. 3d 585 (Fla. 3d DCA Nov. 19, 2014), mandated issued December 24, 2014.

The petitioner came to this court, filing the instant federal habeas petition on **March 3, 2016**.[6] (DE#1).

### III. Discussion-Timeliness

Review of the record has revealed that this petition should be dismissed as time-barred for the reasons indicated immediately below.

Since petitioner filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. See Wilcox v. Fla.Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998)(*per curiam*). The AEDPA imposed for the first time a one-year statute of limitations on

---

[6] The petition is deemed filed on the date it is executed and handed to prison officials for mailing. See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). See DE#1:16.

4

petitions for writ of habeas corpus filed by state prisoners.[7] See 28 U.S.C. §2244(d)(1)("A 1-year period of limitation shall apply to an application for a writ of habeas corpus ....").

As will be recalled, for purposes of the federal one-year limitations period, petitioner's judgments and resultant sentences became final at the latest on **July 30, 1996**,[8] at the expiration of the ninety-day period for seeking certiorari review with the United States Supreme Court after the Florida Supreme Court declined jurisdiction. See Sup. Ct. R. 13.3; Gonzalez v. Thaler, ___ U.S. ___, 132 S.Ct. 641, 646 (2012).[9] Thus, the petitioner had one year

---

[7]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[8]Under Fed.R.Civ.P. 6(a)(1), "in computing any time period specified in . . . any statute that does not specify a method of computing time . . . [the court must] exclude the day of the event that triggers the period [,] count every day, including intermediate Saturdays, Sundays, and legal holidays [, and] include the last day of the period," unless the last day is a Saturday, Sunday, or legal holiday. Since the 90th day fell on a holiday, petitioner's conviction did not become final until the following day.

[9] See Gonzalez v. Thaler, ___ U.S. ___, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012)(holding that conviction becomes final upon expiration of time for seeking direct review); Jimenez v. Quarterman, 555 U.S. 113, 118-21, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). See also Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d

from the time his convictions became final, or no later than **July 30, 1997,** within which to timely file this federal habeas petition. This federal petition for writ of habeas corpus challenging the instant conviction was not filed until **March 3, 2016,** well-beyond one-year after the date on which the judgment became final. The petition is, therefore, time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

Before the convictions became final on July 30, 1996, the Petitioner filed a motion for post conviction relief pursuant to Rule 3.850 on July 23, 1996. The trial court denied the motion and the petitioner appealed. The Third DCA affirmed the trial court on January 28, 2016 in Robinson v. State, 725 So.2d 1129 (3d DCA November 4, 1998), case no. 3D98-2429, mandate issued November 20, 1998. The federal limitations period ran unchecked for approximately **two years** at which point the movant filed a motion to correct his sentence on September 19, 2000. After the trial court denied the motion, the movant appealed. The Third DCA affirmed on May 16, 2001 in Robinson v. State, Case No. 3D00-3589, mandated issued June 1, 2001. Approximately **fourteen years** later, the movant filed a motion to correct sentence in the state trial court on September 3, 2014. After the trial court denied the motion, the Third DCA affirmed in Robinson v. State, 152 So. 3d 585 (Fla. 3d DCA Nov. 19, 2014), mandated issued December 24, 2014.

Accordingly, **over one year** of untolled time expired from the time his convictions became final until he filed the instant

---

1273 (11th Cir. 2006)(holding that one-year statute of limitations established by AEDPA began to run 90 days after Florida appellate court affirmed habeas petitioner's conviction, not 90 days after mandate was issued by that court).

federal habeas petition. As a result, the federal limitations ran unchecked for over a year, thereby making this federal petition untimely.

Notwithstanding, both the United States Supreme Court and Eleventh Circuit Court of Appeals have held that equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition. <u>Holland v. Florida</u>, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010)("We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing")(quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)); <u>San Martin v. McNeil</u>,[10] 633 F.3d 1257, 1267 (11 Cir. 2011); <u>Chavez v. Secretary, Dept. of Corrections</u>, 2011 WL 2990060, at *7 (11th 2011). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" <u>Holland v. Florida</u>, __ U.S. ___, 130 S.Ct. at 2565 (quoting <u>Lonchar v. Thomas</u>, 517 U.S. 314, 326 (1996)). "As for the 'extraordinary circumstances' prong, ... a defendant [must] show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." <u>San Martin v. McNeil</u>, 633 F.3d at 1267.

In <u>Holland</u>, the Supreme Court reiterated that it had previously found that "'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to

---

[10] In <u>San Martin</u>, petitioner failed to explain how a two-week delay in receiving notice of the Supreme Court's denial of his certiorari petition ultimately caused the late filing of his federal petition, or why he did not have ample time, even after the two-week delay, to have presented a timely federal habeas petition. See <u>San Martin v. McNeil</u>, 633 F.3d 1257, 1261-63 (11th Cir. 2011).

7

miss a filing deadline, does not warrant equitable tolling." Holland, supra, 130 S.Ct. at 2564 (citations omitted)(quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). The Holland Court noted that when facts of the case warrant it, equitable tolling can be applied in the "absence of an allegation and proof of bad faith, dishonesty, divided loyalty, [or] mental impairment." Holland, 130 S.Ct. at 2559-60. The court further explained that "professional conduct that fails to [rise to that level] could nonetheless amount to egregious behavior that warrants equitable tolling." Holland, 130 S.Ct. at 2563-64.

In setting aside a court's finding that no diligence had been demonstrated, the Supreme Court found that Holland's counsel had "failed to file Holland's federal petition on time," "failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case," and "failed to communicate with his client over a period of years," despite Holland's numerous letters to counsel that repeatedly emphasized the importance of filing the federal petition on time, identified the applicable legal rules, pleaded for information about the Florida Supreme Court's decision, and pleaded with counsel to respond to the letters. Holland,[11] 130 S.Ct. at 2564.

---

[11] In Holland, however, the Supreme Court determined that the facts did not involve a garden variety claim of attorney negligence, but instead far more serious instances of attorney misconduct. Holland, ___ U.S. ___, 130 S.Ct. at 2564. In Holland, the Supreme Court stressed that:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins [Holland's attorney]--the central impediment to the pursuit of his legal remedy--removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

Id. at 2565.

8

Something more than attorney negligence may justify equitable tolling in appropriate cases. For example, in Downs v. McNeil, 520 F.3d 1311 (11th Cir. 2009), the Eleventh Circuit drew the distinction between "mere negligence" on the one hand, and "egregious misconduct" on the other. "Egregious misconduct," is conduct in which an attorney makes misrepresentations, gives false assurances, or outright lies about the status of a case to his client. See Downs v. McNeil, 520 F.3d at 1321-22,1323 (giving as an example of egregious misconduct "outright willful deceit"); see also, Roper v. Dep't of Corrs., ___ Fed.Appx. ___, 2011 WL 2693183 (11th Cir. 2011)(holding that "affirmative misrepresentation by counsel" about the status of a motion may constitute "extraordinary circumstances" justifying equitable tolling of habeas filing deadline).

Further, counsel's mistake "in miscalculating the limitations period does not provide a basis for equitable tolling because such an argument would essentially equitably toll limitations period for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Lawrence v. Florida, 549 U.S. 327, 336-37 (2007). Likewise, the filing of motions for extensions of time by counsel to file a motion for post conviction relief in state court also does not serve to toll the AEDPA statute of limitations. Chavez v. Fla. Dep't of Corr'ns, 647 F.3d 1057 (11th Cir. 2011).

The Eleventh Circuit has also cautioned that a petitioner's efforts to learn the disposition of pre-federal habeas steps are crucial to determining whether equitable tolling is appropriate.

9

See Knight v. Schofield, 292 F.3d 709 (11th Cir. 2002)(*per curiam*); Drew v. Dep't of Corr'ns, 297 F.3d 1278, 1288 (11th Cir. 2002)("A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling *if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition.*" (emphasis supplied)). Where a petitioner alleges to have contacted the court by mail, but provides no copies of the letters and does not make any attempt to otherwise contact the court, such as by calling or seeking help from a person who could go to the court personally, no equitable tolling is warranted. Drew, 297 F.3d at 1289).

As for petitioner's attorney, only "serious attorney misconduct, including acts of gross negligence and acts of outright willful deceit, can constitute 'extraordinary circumstances'." See Smith v. United States, 2011 WL 1207647 at *1 (11th Cir. Ap. 1, 2011)(quotes and alterations omitted); see also Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005)(rejecting petitioner's argument that the state impeded his timely filing of his §2254 petition by providing him with an incompetent attorney through the Florida counsel registry system), aff'd, 549 U.S. 327 (2007); Webster v. Sec'y Dep't of Corrs., 384 Fed.Appx. 979, 983 (11th Cir. 2010)(same result based on attorney's failure to inform petitioner of the decision on his direct appeal and his "abandonment" of petitioner); Scott v. Duffy, 372 Fed.Appx. 61, 63 (11th Cir. 2010)(attorney's negligent failure to file a direct appeal as directed by petitioner is not the type of State impediment envisioned in §2244(d)(1)(B), and thus supplied no tolling grounds).

The petitioner has not demonstrated in this habeas

proceeding,[12] that he is entitled to equitable tolling. In addition, petitioner's ignorance of the law does not warrant application of equitable tolling. The law is well settled that petitioner's status as an unskilled layperson does not excuse the delay.[13] See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)(holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required); Carrasco v. United States, 2011 WL 1743318, *2-3 (W.D.Tex. 2011)(finding that movant's claim that he just learned of Padilla decision did not warrant equitable tolling, although movant was incarcerated and was proceeding without counsel, because ignorance of the law does not excuse failure to timely file §2255 motion). Here, petitioner has not demonstrated that he was unable to pursue his legal claims during the applicable one-year limitation period due to his lack of legal knowledge.

The petitioner here falls far short of demonstrating the

---

[12] The petitioner is cautioned that any attempt to provide due diligence in objections to this Report may not be considered in the first instance by the district court. See Starks v. United States, 2010 WL 4192875 at *3 (S.D. Fla. 2010); United States v. Cadieux, 324 F.Supp. 2d 168 (D.Me. 2004). This is so because "[P]arties must take before the magistrate, 'not only their best shot but all of the shots.'" Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)(quoting Singh v. Superintending Sch. Comm., 593 F.Supp. 1315, 1318 (D.Me. 1984)).

[13] It is well accepted that pro se filings are subject to less stringent pleading requirements, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and should be liberally construed with a measure of tolerance. See Haines v. Kerner, 404 U.S. 519 (1972). See also Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005); Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). However, the policy of liberal construction for pro se litigants' pleadings does not extend to a "liberal construction" of the one-year limitations period.

existence of "'extraordinary circumstances, but also circumstances that are beyond the petitioner's conduct and unavoidable with diligence,'" thereby precluding him from obtaining equitable tolling. Downs, 520 F.3d at 1323. It should be noted that there was over one year of untolled time during which no postconviction proceedings were pending. Petitioner has failed to demonstrate that he acted with diligence in pursuing his rights during that period. The court thus finds petitioner did not act diligently in pursuing his rights and is therefore not entitled to equitable tolling. See Holland, 130 S.Ct. at 2562; accord San Martin, 633 F.3d at 1267.

This court is not unmindful that petitioner pursued collateral relief in the state forum. Notwithstanding, as previously noted, there was well over one year of untolled time during which no postconviction proceedings were pending which would act to toll the federal limitations period. As a result of petitioner's failure to diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period. See Webster v. Moore, 199 F.3d 1256, 1258-60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. den'd, 531 U.S. 991 (2000).

The time-bar is ultimately the result of the petitioner's failure to timely pursue state postconviction proceedings. The petitioner's claim challenging the lawfulness of his judgment is now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits.

Finally, any argument by petitioner that he is entitled to equitable tolling of the limitations period in that the failure to review his challenges on the merits will result in a fundamental miscarriage of justice, also warrants no relief. The law is clear

that a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, 353 F.2d at 892.

As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence, and it has declined to reach the issue whether the absence of such an exception would violate the Constitution.' See Taylor v. Sec'y, Dep't of Corr's, 230 Fed. Appx. 944, 945 (11th Cir. 2007)("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."); Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000)(leaving open the question whether the §2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ). But cf. United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2000)("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by appellant's failure to timely file his §2255 motion."). However, several other circuits have recognized such an exception. See, e.g., Souter v. Jones, 395 F.3d 577 (6th Cir. 2005); Flanders v. Graves, 299 F .3d 974 (8th Cir. 2002). Assuming, without deciding, that a petitioner's actual innocence might support an equitable tolling of the limitation period, notwithstanding, petitioner has failed to make a substantial showing of actual innocence.

Were "actual innocence" an exception to the application of the one-year limitations provisions of §2244, the Court would still be precluded from reviewing the claims presented in the instant petition on the merits. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." Bousley v. United States, 523 U.S. 614, 623 (1998). "[T]he Schlup standard is demanding and permits review only in the "'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006).

Courts have emphasized that actual innocence means factual innocence, not mere legal insufficiency. Id.; see also High v. Head, 209 F.3d 1257 (11 Cir. 2000); Lee v. Kemna, 213 F.3d 1037, 1039(8 Cir.2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2 Cir. 2000)(citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States,153 F.3d 1305 (11 Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). See also Bousley, 523 U.S. at 623-624; Doe v. Menefee, 391 F.3d 147, 162 (2 Cir. 2004)("As Schlup makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").

To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. at 324. All things considered, the evidence must undermine the Court's confidence in the outcome of the trial. Id. at 316. No such

14

showing has been made here. Even if such an exception exists, the petitioner has failed to make the requisite showing of actual innocence that would support consideration of his untimely §2254 petition on the merits. On the record before this court, no fundamental miscarriage of justice will result by time-barring the claims raised in this habeas proceeding.

Petitioner has, therefore, not made the threshold showing of actual innocence. In other words, petitioner has not presented sufficient evidence to undermine the court's confidence in the outcome of his criminal proceedings. See Milton v. Secretary, Department of Corrections, 347 Fed.Appx. 528, 531-532 (11th Cir. 2009)(holding that affidavits proffered by *pro se* habeas petitioner were insufficient to establish actual innocence of murder, as would allegedly have created an exception to one-year limitations period, because affidavits were presented more than ten years after murder and eight years after petitioner's trial, the affiants were in most cases aware of the alleged facts to which they attested before petitioner's trial, the affidavits were either not new evidence or were of questionable reliability, and none of the evidence negated petitioner's confession or his taped conversation with the victim's mother wherein he implicated another individual in the murder)(unpublished). It is evident that petitioner's argument raised herein were readily available to him within a year of when the conviction became final. Consequently, under the totality of the circumstances present here, this federal petition is not timely.

## IV. Evidentiary Hearing

To the extent the petitioner requests an evidentiary hearing, the request must be denied. To determine whether an evidentiary

hearing is needed, the question is whether the alleged facts, when taken as true, show both extraordinary circumstances and reasonable diligence entitling a petitioner to enough equitable tolling to prevent his motion to vacate or habeas petition from being time-barred. See generally Chavez v. Secretary Florida Dept. of Corrections, 647 F.3d 1057, 1060-61 (11th Cir. 2011)(holding that an evidentiary hearing on the issue of equitable tolling of the limitations period was not warranted in a §2254 proceeding and further finding that none of the allegations in the habeas petition about what postconviction counsel did and failed to do came close to the serious attorney misconduct that was present in *Holland,* instead, were at most allegations of garden variety negligence or neglect). If so, he gets an evidentiary hearing and the chance to prove that those factual allegations are true. Id. As noted by the Eleventh Circuit, "[t]he allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." Id. at 1061. Based upon the reasons stated above, this is not one of those cases where an evidentiary hearing is warranted on the limitations issue or otherwise.

## V.  Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2254 petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253©." See Fed.R.App.P. 22(b)(1).

Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C. §2254 Rule 11(b).

However, "[A] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2254 petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). After review of the record in this case, the Court finds the petitioner has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). Thus, issuance of a certificate of appealability is not warranted and should be denied. Notwithstanding, if petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

## VI. Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as time-barred, that a certificate of appealability be denied; and, the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 23rd day of March, 2016.

  
UNITED STATES MAGISTRATE JUDGE

cc: Graddy Robinson, Pro Se
    410810
    Moore Haven Correctional Facility
    Inmate Mail/Parcels
    Post Office Box 719001
    Moore Haven, FL 33471

    Noticing 2254 SAG Miami-Dade/Monroe
    Email: CrimAppMIA@MyFloridaLegal.com