UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20891-CIV-GAYLES/TURNOFF

**GRADDY ROBINSON**,

 Petitioner,
vs.

**JULIE L. JONES**,

 Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 7]. On March 10, 2016, Petitioner Graddy Robinson ("Robinson") filed a *pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in state custody ("Petition") [ECF No. 1]. The case was referred to Magistrate Judge Patrick A. White pursuant to Administrative Order 2003-19 for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters.

Following his conviction in 1995 for burglary of an unoccupied dwelling, Robinson was sentenced as a habitual felony offender. In his Petition, Robinson alleges that the prosecution failed to serve defense counsel with notice of their intent to seek a habitual offender sentence, in violation of Florida law. Upon review, Judge White issued his Report recommending that the Petition be dismissed as time-barred. Judge White found that Petitioner's claim was barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations and that Robinson was not entitled to equitable tolling because he had not shown due diligence in pursuing his claim. On April 12, 2016, Robinson filed his Motion for Reconsideration [ECF No. 8], which the Court construes as timely objections.

The Court has reviewed the report and, in light of Robinson's objections, conducted a *de novo* review of the record. *See* 28 U.S.C. §636(b)(1)(B); *see also Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992) ("[W]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.") (quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)). The Court agrees with Judge White's conclusion that the AEDPA bars Robinson's petition. Robinson does not dispute that over a year has lapsed from the time his convictions became final. Rather, he claims equitable tolling applies because he only discovered in 2014 that the prosecution failed to serve notice of its intent to seek a habitual offender sentence. The record contradicts Robinson's allegations.

Equitable tolling is an extraordinary remedy and only applies where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). Robinson was sentenced in 1995 and he concedes that the prosecution filed the notice. Therefore, the record would have reflected, as early as 1995, that the prosecution filed, but perhaps did not serve, the notice of intent to pursue a habitual felony offender sentence. Robinson provides no detail as to why he waited fourteen years to raise this alleged error, despite having access to the record and having previously appealed his conviction. Accordingly, equitable tolling does not apply.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 7]** is **AFFIRMED AND ADOPTED** as follows:

1. Graddy Robinson's Petition **[ECF No. 1]** is **DISMISSED**.

2. A certificate of appealability shall not issue.

3. The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of May, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE